IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION OT KANSAS CITY

| | | |
|---|---|---|
| PEGGY RAY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:07-CV-00673-ODS |
| | ) | |
| | ) | Jackson County Circuit Court |
| | ) | Case No. 0716-CV20356 |
| WERNER LADDER INC., et al | ) | |
| | ) | |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT FOR DAMAGES

Plaintiff, through counsel, for her causes of action against defendants Werner Ladder Co., New Werner Holding Co., Grainger International Inc., Colliers Turley Martin Tucker Company., and CB Richard Ellis Inc., as a result of injuries suffered, hereby states and alleges as follows:

## PARTIES

### PLAINTIFF

1. Peggy Ray is an individual over the age of 18, residing at 10014 Moody Rd., Overland Park, Kansas 66212. Peggy Ray is the surviving spouse of decedent Harry Ray who died as a result of a fall off of a Werner Ladder in Jackson County, Missouri. Therefore, Peggy Ray is the proper person to bring this lawsuit under the Missouri Wrongful Death statute.

### DEFENDANTS

2. Defendant Werner Ladder Inc. (hereinafter "Werner") is a Delaware Corporation. Service may be had by serving its registered agent Wilmington Trust SP Services, Inc., 1105 N. Market Street, Suite 1300, Wilmington, Delaware 19801. At all times relevant herein, defendant

Werner designed, manufactured, and sold 300 lb. Extra Heavy Duty Werner Ladder, model #6210.

3. Defendant New Werner Holding Co., Inc. (hereinafter "New Werner") is a Delaware Corporation. Service may be had by serving its registered agent The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. At all times relevant herein, defendant New Werner is a successor company liable for claims made against defendant Werner.

3. Defendant Grainger International, Inc. (hereinafter "Grainger") is an Illinois Corporation. Service may be had by serving its registered agent CT Corporation System, 120 South Central Avenue, Clayton, Missouri 63105. At all times relevant herein, defendant Grainger marketed, advertised, and sold the 300 lb. Extra Heavy Duty Werner Ladder, model #6210.

4. Defendant Colliers, Turley, Martin, Tucker Company (hereinafter "Colliers") is a Missouri Corporation. Service may be had by serving its registered agent 142860 Colliers Turley Martin, 34 North Meramec, Suite 500, Saint Louis, Missouri 63105. At all times relevant herein, defendant Colliers managed the Federal Building at the time Harry Ray fell from the Werner Ladder. Additionally, defendant Colliers provided the defective and dangerous 300 lb. Extra Heavy Duty Werner Ladder, model #6210 to Harry Ray.

5. Defendant CB Richard Ellis Corporate Facilities Management, Inc. (hereinafter "Ellis Management") is a Delaware Corporation. Service may be had by serving its registered agent CT Corporation System, 120 South Central Avenue, Clayton, Missouri 63105. At all times relevant herein, defendant Ellis purchased and provided the subject 300 lb. Extra Heavy Duty

Werner Ladder, model #6210 without giving Harry Ray any warnings of its dangerous propensities.

## JURISDICTION AND VENUE

6.      Jurisdiction is proper in this Court because defendant Werner and New Werner designed, manufactured, and sold ladders for use throughout the country and, specifically, for sale and use in the state of Missouri.  Defendants Grainger, Colliers, and Ellis Management conduct substantial business operations in the state of Missouri subjecting said entities to general jurisdiction in this state.  Accordingly, based on the business contacts that defendants maintain with the state of Missouri, it does not defeat the traditional notions of fair play and substantial justice each as should reasonably be expected to have to answer to causes of action within the state of Missouri.

7.      Venue is proper in this Court pursuant to R.S.Mo. § 508.010(4) because Harry Ray was first injured in Jackson County, Missouri.

## FACTS COMMON TO ALL COUNTS

8.      On or about June 28, 2006, at approximately 10:00 a.m., Harry Ray was installing drapery at the Federal Building located at 901 Locust, Kansas City, MO 64106.

9.      At said time and place, Harry Ray was supplied a 300 lb., 10 ft., Extra Heavy Duty Werner Ladder, model #6210 from defendant Colliers' employee, Tim Blosser.

10.     The subject 10 ft., Extra Heavy Duty Werner Ladder, model #6210 was purchased from defendant Grainger by defendant Ellis Management a few months prior to the occurrence.

11.     At said time and place, Harry Ray was not warned or notified of any dangerous propensities of the subject ladder.

12. Shortly thereafter, while Harry Ray was attempting to hang drapery, the ladder failed to perform as reasonably anticipated, rocked from side to side causing him to lose his balance.

13. Consequently, Harry Ray fell backwards off of the ladder landing on his head, neck, back, and shoulder.

14. Harry Ray was immediately transferred to Truman Medical Center's Intensive Care Unit.

15. Subsequently, on or about July 7, 2006, Harry Ray died from the injuries suffered during the June 28, 2006 fall.

## COUNT I

**(Strict Liability – Defective Design and Manufacture against Werner and New Werner)**

Plaintiff, for Count I of her causes of action against defendants Werner and New Werner, states and alleges as follows:

16. Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 – 15 above.

17. Defendant New Werner is liable as a successor in interest for claims made against defendant Werner.

17. Defendant Werner developed, manufactured, marketed, and sold, in the regular course of business, the Extra Heavy Duty Werner Ladder, model #6210 used by Harry Ray in the incident at issue.

18. The Extra Heavy Duty Werner Ladder, model #6210 was in a defective and unreasonably dangerous condition when put to its reasonably anticipated use, in that the ladder is prone to rock and walk and lacks sufficient strength.

19. The Extra Heavy Duty Werner Ladder, model #6210 was used in a manner reasonably anticipated by the defendant.

20. As a direct and proximate result of the unreasonably dangerous and defective condition of the Extra Heavy Duty Werner Ladder, model #6210, Harry Ray fell from the subject ladder.

21. As a direct and proximate result of the unreasonably dangerous and defective condition of the Extra Heavy Duty Werner Ladder, model #6210, Harry Ray was severely injured and suffered death.

22. As a direct and proximate result of defendant of the unreasonably dangerous and defective condition of the Extra Heavy Duty Werner Ladder, model #6210, Plaintiff suffered financial damages including, but not limited to the reasonable and necessary medical expenses, funeral expenses, and lost income and support from Harry Ray.

23. Due to Harry Ray's untimely death, Plaintiff has been, and in the future will be, deprived of his services, support, maintenance, guidance, companionship, consortium, comfort, instruction, counsel and training.

WHEREFORE, having stated the above cause of action against defendants Werner Ladder and New Werner, Plaintiff respectfully requests judgment against defendants Werner Ladder and New Werner for damages that are fair and reasonable for the wrongful death of Harry Ray, for punitive damages in such sums that will punish and deter defendants Werner Ladder and New Werner from future wrongdoing, for her costs herein expended, and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT II

**(Strict Liability – Sale, Supply and Distribution of Defective Parts against Werner, New Werner, and Grainger)**

Plaintiff, for Count II of her causes of action against Werner Ladder, New Werner, and Grainger Inc., alleges and states as follows:

24. Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 – 23 above.

17. Defendant New Werner is liable as a successor in interest for claims made against defendant Werner.

25. Defendant Werner and Grainger sold the Extra Heavy Duty Werner Ladder, model #6210 involved in the subject incident in the regular course of business.

26. The Extra Heavy Duty Werner Ladder, model #6210 was in a defective and unreasonably dangerous condition when put to its reasonably anticipated use, in that the ladder is prone to rock/walk and lacks sufficient strength.

27. Defendants Werner and Grainger were in a superior position of knowledge regarding the defects of the subject ladders, including but not limited to its propensity to rock/walk and of it lacking sufficient strength.

28. As a direct and proximate result of the defects in the Extra Heavy Duty Werner Ladder, model #6210 that existed at the time of its sale, Harry Ray fell from the subject ladder.

29. As a direct and proximate result of the defects in the Extra Heavy Duty Werner Ladder, model #6210 that existed at the time of its sale, Harry Ray was severely injured and suffered death.

30. As a direct and proximate result of defendant of the unreasonably dangerous and defective condition of the Extra Heavy Duty Werner Ladder, model #6210, Plaintiff suffered financial damages including, but not limited to the reasonable and necessary medical expenses, funeral expenses, and lost income and support from Harry Ray.

31. Due to Harry Ray's untimely death, Plaintiff has been, and in the future will be, deprived of his services, support, maintenance, guidance, companionship, consortium, comfort, instruction, counsel and training.

WHEREFORE, having stated the above cause of action against defendants Werner Ladder, New Werner, and Grainger, Plaintiff respectfully requests judgment against defendants Werner Ladder, New Werner, and Grainger for damages that are fair and reasonable for the wrongful death of Harry Ray, for punitive damages in such sums that will punish and deter defendants from future wrongdoing, for their costs herein expended, and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT III

**(Strict Liability – Failure to Warn against Werner, New Werner, and Grainger)**

Plaintiff, for Count III of her causes of action against defendants Werner Ladder, New Werner, and Grainger, states and alleges as follows:

32. Plaintiffs hereby incorporates be reference, as though fully set forth herein, paragraphs 1–31 above.

33. Defendant New Werner is liable as a successor in interest for claims made against defendant Werner.

33. Defendant Werner and Grainger sold the Extra Heavy Duty Werner Ladder, model #6210 involved in the subject incident in the regular course of business.

34. Defendants Werner and Grainger possessed both an original and continuing duty to warn consumers about the propensity of the Extra Heavy Duty Werner Ladder, model #6210 to walk and rock.

35. The 300 lb. Extra Heavy Duty Werner Ladder, model #6210 was in a defective and unreasonably dangerous condition at the time of the subject incident because it lacked adequate information or warning about the ladder's propensity to rock and walk, and its load capacity, causing the user to lose his/her balance.

36. The Extra Heavy Duty Werner Ladder, model #6210 was used in a manner reasonably anticipated.

37. As a direct and proximate result of Werner and Grainger's failure to adequately inform or warn about the propensity for rocking/walking and of insufficient strength on the Extra Heavy Duty Werner Ladder, model #6210, Harry Ray fell from the subject ladder.

38. As a direct and proximate result of Werner and Grainger's failure to adequately inform or warn about the propensity for rocking/walking and of insufficient strength on the Extra Heavy Duty Werner Ladder, model #6210, Harry Ray was severely injured and suffered death.

39. As a direct and proximate result of defendant of the unreasonably dangerous and defective condition of the Extra Heavy Duty Werner Ladder, model #6210, Plaintiff suffered financial damages including, but not limited to the reasonable and necessary medical expenses, funeral expenses, and lost income and support from Harry Ray.

40. Due to Harry Ray's untimely death, Plaintiff has been, and in the future will be, deprived of his services, support, maintenance, guidance, companionship, consortium, comfort, instruction, counsel and training.

WHEREFORE, having stated the above cause of action against defendants Werner Ladder, New Werner, and Grainger, Plaintiff respectfully requests judgment against defendants Werner Ladder, New Werner, and Grainger International Inc., for damages that are fair and reasonable for the wrongful death of Harry Ray, for punitive damages in such sums that will

punish and deter defendants from future wrongdoing, for their costs herein expended, and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT IV

### (Negligence – Werner and New Werner)

Plaintiff, for Count IV of her causes of action against Werner Ladder and New Werner, states and alleges as follows:

41. Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1 – 40 above.

42. Defendant New Werner is liable as a successor in interest for claims made against defendant Werner.

42. Werner developed, manufactured, marketed and sold the Extra Heavy Duty Werner Ladder, model #6210 involved in the subject incident in the regular course of its business.

43. Werner held itself out as a professional corporation capable of reasonably and prudently developing, manufacturing, marketing, and selling ladders for use while hanging drapery.

44. Werner had a duty to use that degree of skill and care ordinarily exercised by manufacturers of ladders to develop, manufacture, market and sell the Extra Heavy Duty Werner Ladder, model #6210 to be reasonably safe under anticipated uses.

45. Werner failed in its duties to reasonably develop, manufacture, market, and sell the 300 lb. Extra Heavy Duty Werner Ladder, model #6210 in at least the following respects:

    a. Failed to adequately test the ladder;

    b. Failed to conduct adequate research into the safety and performance of the ladder;

c. Failed to design the ladder in a manner sufficient to prevent rocking/walking;

   d. Failed to manufacture the ladder in a manner sufficient to prevent rocking/walking;

   e. Failed to reasonably warn about the propensity for rocking/walking and the effect it has on a person working on the ladder;

   f. Failed to reasonably test the structural integrity of the subject ladder;

   g. Failed to reasonably warn about the insufficient structural integrity and insufficient strength of the subject ladder.

46. As a direct and proximate result of Werner's above stated negligence, Harry Ray fell from the subject ladder.

47. As a direct and proximate result of Werner's above stated negligence, Harry Ray was severely injured and suffered death.

48. As a direct and proximate result of defendant's above stated negligence, Plaintiff suffered financial damages including, but not limited to the reasonable and necessary medical expenses, funeral expenses, and lost income and support from Harry Ray.

49. Due to Harry Ray's untimely death, Plaintiff has been, and in the future will be, deprived of his services, support, maintenance, guidance, companionship, consortium, comfort, instruction, counsel and training.

WHEREFORE, having stated the above cause of action against Werner Ladder and New Werner, Plaintiff respectfully requests judgment against defendant Werner Ladder and New Werner for damages that are fair and reasonable for the wrongful death of Harry Ray, for punitive damages in such sums that will punish and deter defendants from future wrongdoing,

for their costs herein expended, and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT V

### (Negligence – Failure to Warn)

Plaintiff, for Count V of her causes of action against Grainger International Inc., states and alleges as follows:

50. Plaintiff incorporates by reference, as though fully set forth herein, paragraphs 1 – 49 above.

51. Grainger marketed, advertised, and sold the Extra Heavy Duty Werner Ladder, model #6210 involved in the subject incident in the regular course of business.

52. Grainger had a duty to market, advertise, and sell the Extra Heavy Duty Werner Ladder, model #6210 with adequate information and warnings about the ladder's propensity to rock/walk and of insufficient strength.

53. At the time Grainger marketed, advertised, and sold the Extra Heavy Duty Werner Ladder, model #6210, it was defective because it lacked adequate information and warnings about the ladder's propensity to rock/walk and of insufficient strength.

54. As a direct and proximate result of Grainger's failure to adequately inform or warn about the propensity for rocking, walking, and of insufficient strength on the Extra Heavy Duty Werner Ladder, model #6210, Harry Ray fell from the subject ladder.

55. As a direct and proximate result of Grainger's failure to adequately inform or warn about the propensity for rocking, walking, and of insufficient strength on the Extra Heavy Duty Werner Ladder, model #6210, Harry Ray was severely injured and suffered death.

56. As a direct and proximate result of defendant's above stated negligence, Plaintiff suffered financial damages including, but not limited to the reasonable and necessary medical expenses, funeral expenses, and lost income and support from Harry Ray.

57. Due to Harry Ray's untimely death, Plaintiff has been, and in the future will be, deprived of his services, support, maintenance, guidance, companionship, consortium, comfort, instruction, counsel and training.

WHEREFORE, having stated the above cause of action against Grainger International Inc., Plaintiff respectfully requests judgment against defendant Grainger International Inc for damages that are fair and reasonable for the wrongful death of Harry Ray, for punitive damages in such sums that will punish and deter Defendant from future wrongdoing, for their costs herein expended, and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT VI

### (Premises Liability – Colliers and Ellis Management)

Plaintiff, for Count VI of her causes of action against Colliers and Ellis Management, state and allege as follows:

58. On or about, June 28, 2006, Colliers and Ellis Management had a duty to warn Harry Ray of unsafe and unreasonably dangerous conditions of the subject property.

59. Colliers and Ellis Management breached the said duty to Harry Ray in at least the following respects:

    a. Failing to warn Harry Ray of the dangerous propensity of said ladder to rock and walk.

    b. Providing Harry Ray with a ladder that was in a defective and unreasonably dangerous condition.

    c. Failing to repair or replace the subject ladder.

    d. Failed to test, inspect, and/or research the safety and efficacy of the subject ladder.

  60. As a direct and proximate result of Colliers and Ellis Management's above stated negligence, Harry Ray fell from the subject ladder.

  61. As a direct and proximate result of Colliers and Ellis Management's above stated negligence, Harry Ray was severely injured and suffered death.

  62. As a direct and proximate result of defendant's above stated negligence, Plaintiff suffered financial damages including, but not limited to the reasonable and necessary medical expenses, funeral expenses, and lost income and support from Harry Ray.

  63. Due to Harry Ray's untimely death, Plaintiff has been, and in the future will be, deprived of his services, support, maintenance, guidance, companionship, consortium, comfort, instruction, counsel and training.

  WHEREFORE, having stated the above cause of action against Colliers and Ellis Management, Plaintiff respectfully requests judgment against defendants Colliers and Ellis Management for damages that are fair and reasonable for the wrongful death of Harry Ray, for punitive damages in such sums that will punish and deter Defendant from future wrongdoing, for their costs herein expended, and for such other and further relief as this Court deems just and proper under the circumstances.

13
Case 4:07-cv-00673-ODS   Document 44   Filed 11/06/07   Page 13 of 14

**Respectfully submitted,**

BY: ___/s/ Stephen M. Gorny_____
**STEPHEN M. GORNY MO #45417
Bartimus, Frickleton, Robertson & Gorny, P.C.
11150 Overbrook Road, Suite 200
Leawood, KS 66211
(913) 266-2300 (tel)
(913) 266-2366 (fax)
ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of November, 2007, the foregoing was filed electronically with the Clerk of the Court to be served electronically by operation of the Court's electronic filing system upon the following:

Michael Childs
Joseph Swift
Brown & James, P.C.
1100 Main Street, Suite 1900
Kansas City, MO 64105
ATTORNEYS FOR WERNER LADDER INC.,
NEW WERNER HOLDING CO.,
AND GRAINGER INTERNATIONAL

Lee Baty
Baty, Holm & Numerich, P.C.
4600 Madison Ave., Suite 210
Kansas City, MO 64112
ATTORNEY FOR COLLIERS TURLEY MARTIN TUCKER COMPANY

Barry Somlyo
Tyrl & Bogdan
903 E. 104th Street, Suite 320
Kansas City, MO 64131
ATTORNEY FOR CB RICHARD ELLIS, INC.


___/s/ Stephen M. Gorny_____
Attorney for Plaintiff