IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PEGGY RAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-0673-CV-W-ODS |
| ) | |
| WERNER LADDER, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER AND OPINION (1) GRANTING MOTION TO DISMISS COLLIERS TURLEY MARTIN TUCKER COMPANY WITHOUT PREJUDICE, (2) DENYING PLAINTIFF'S MOTION TO REMAND AND (3) DENYING PLAINTIFF'S MOTION FOR HEARING

Pending are two motions addressing similar issues from different perspectives. Most of the issues involve jurisdictional issues, and are thus best considered in concert.[1]

## I. BACKGROUND

Plaintiff brings this wrongful death action following the death of her husband, Harry Ray. Ray was installing drapery at the Federal Building in Kansas City, Missouri, and to that end was supplied a ladder by an employee of Defendant Colliers, Turley, Martin, Tucker Company ("Colliers"), one of the entities that managed the Federal Building. Third Amended Complaint, ¶¶ 4, 9. Ray fell from the ladder and eventually died from his injuries. Id. ¶¶ 13-15. In addition to Colliers, the defendants include the ladder's manufacturer, the company that sold the ladder, and the other entity that, along with Colliers, managed the building (and that apparently purchased the ladder).

Colliers is a Missouri corporation. Plaintiff is also a citizen of Missouri, so diversity of citizenship is lacking. Plaintiff argues the case must be remanded to state court. Defendants (primarily, Colliers) argue Colliers was fraudulently joined because

---

[1]The Court does not discern a need for a hearing, so Plaintiff's motion (Doc. # 65) is denied.

Colliers was Ray's statutory employer and Missouri's worker compensation statutes deprive the Court of jurisdiction over Plaintiff's claim against it. Consequently, Colliers' inclusion as a party is fraudulent and its citizenship should be disregarded for purposes of evaluating whether subject matter jurisdiction exists.

> Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent. "[I]t is well established that if it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." Iowa Pub. Serv. Co. v. Med. Bow Coal Co., 556 F.2d 400, 406 (8th Cir. 1977) (emphasis added). However, if there is a "colorable" cause of action - that is, if the state law *might* impose liability on the resident defendant under the facts alleged - then there is no fraudulent joinder. See Foslip Pharm., Inc. v. Metabolife Int'l, Inc., 92 F. Supp.2d 891, 903 (N.D. Iowa 2000).

Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003) (internal footnote omitted). In conducting this inquiry, the Court must "resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor," but the Court has "no responsibility to *definitively* settle the ambiguous question of state law." Id. at 811 (citations omitted) (emphasis in original). "Instead, the court must simply determine whether there is a reasonable basis for predicting that the state's law *might* impose liability against the defendant." Id. (emphasis added).

In the typical case, the possibility of state law favoring the plaintiff is sufficient to return the case to state court, where a definitive ruling as to the content of state law can be made. This case is atypical in that the issue of state law is one affecting the Court's jurisdiction – whether the claim against Colliers is committed to the exclusive jurisdiction of the Missouri Division of Workers' Compensation. This itself is a jurisdictional issue,

2

Simpson v. Thomure, 484 F.3d 1081, 1085 (8th Cir. 2007), and serves as the basis for Colliers' separate motion to dismiss.[2]

At the time of the incident, Missouri law provided as follows:

> Any person who has work done under contract on or about his premises which is an operation fo the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer . . . .

Mo. Rev. Stat. § 287.040.1. Plaintiff's actual employer (Innerworks, Inc.) had a contract[3] with Colliers to perform certain work at the Federal Building, and Plaintiff was performing duties pursuant to Innerworks' contractual obligation with Colliers. Plaintiff points out that Colliers does not own the Federal Building, but this is irrelevant for purposes of determining whether Colliers was a statutory employer because Colliers had the right to arrange for the work done on the property. An analogous case was presented to the Eighth Circuit in Julin v. TCI Cablevision, Inc., where an employee of a cable installation company was connecting cable to pole pursuant to a contract between the installation company and the cable company. The pole did not belong to the cable company, but rather belonged to the electric company. Nonetheless, the Court of Appeals affirmed the holding that the plaintiff was the cable company's statutory employee because the cable company "had authority to attach its cable to utility poles owned by the local electric company [and the plaintiff] was injured while climbing one of

---

[2] The motion alternatively asks for summary judgment in case the Court considers materials outside the pleadings. However, a motion to dismiss for lack of jurisdiction is governed by Rule 12(b)(1), and the obligation to convert a motion to dismiss to a motion for summary judgment applies only to motions filed under Rule 12(b)(6). See, e.g., Harris v. P.A.M. Transport, Inc., 339 F.3d 635, 637 n.4 (8th Cir. 2003).

[3] The parties' discussion expresses a belief that the written contract was executed after Ray fell. However, the contract is dated February 16, 2006, and the Third Amended Complaint indicates Ray fell on June 28, 2006. Regardless, even if Innerworks and Colliers had only an oral contract, a contractual relationship existed – and the Court doubts Innerworks or Ray was gratuitously hanging drapes in the Federal Building.

3

the utility poles covered by this agreement." 866 F.2d 1064, 1065 (8th Cir. 1989) (per curiam). Missouri cases reach similar results. E.g., State ex rel. MW Builders, Inc. v. Midkiff, 222 S.W.3d 267, 271-72 (Mo. Ct. App. 2007) (general contractor is statutory employer of subcontractor's employee even though general contractor does not own the land where the work takes place because "'[p]remises' include locations that temporarily may be under the exclusive control of the statutory employer by virtue of the work being done . . . .").

Plaintiff also intimates Colliers could not be Ray's statutory employer because it has not paid death benefits or produced documentation demonstrating it had appropriate insurance. These arguments are irrelevant because Missouri law does not condition one's status as a statutory employer on these factors.

The Court is left, then, with a diversity-destroying defendant over which it has no jurisdiction. Plaintiff does not present any ambiguity in state law that, if resolved in her favor, would allow her to proceed against that defendant.[4] The Court thus concludes the defendant has been fraudulently joined.

Colliers' Motion to Dismiss (Doc. # 51) is granted, and Colliers is dismissed without prejudice to Plaintiff's right to pursue an appropriate action in the Missouri Division of Worker's Compensation. Plaintiff's Motion to Remand (Doc. # 24) is denied. IT IS SO ORDERED.

DATE: January 4, 2008

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

---

[4] Plaintiff suggests it needs additional discovery, but does not clearly identify the discovery it believes it needs or what legal argument it wishes to present. There is a reference to discovery about the terms of the oral contract (but see Note 3, *supra*); however, the terms of the contract are unimportant. The simple existence of the contract between Innerworks and Colliers makes Colliers a statutory employer.