IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION AT KANSAS CITY

| | |
|---|---|
| PEGGY RAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No.: 4:07-cv-00673-ODS |
| ) | |
| WERNER CO., NEW WERNER HOLDING ) | |
| CO., INC., and W.W. GRAINGER, INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS WERNER CO., NEW WERNER HOLDING CO., INC. AND W.W. GRAINGER, INC.'S MOTION TO STRIKE THE TESTIMONY OF STANLEY KISKA**

COME NOW defendants, Werner Co., New Werner Holding Co., Inc. and W.W. Grainger, Inc., by and through undersigned counsel, and for their Motion to Strike the Testimony of Stanley Kiska, state as follows:

1. Plaintiff brings an action for wrongful death alleging that a ladder plaintiff's decedent was using was unreasonably dangerous and defective due to faulty design, manufacturing and warnings.

2. Plaintiff disclosed Stanley Kiska as an expert witness. *See Expert Designation of Peggy Ray, attached hereto as Exhibit A.*

3. Mr. Kiska, generally, asserts the opinion that the ladder was defectively designed and manufactured and that Werner failed to warn of the known risks of the ladder. He concluded that the ladder "walked" some distance forward during the course of the accident, causing Mr. Ray to fall to the ground. *See Expert Report of Stanley Kiska, attached hereto as Exhibit B.*

4. Mr. Kiska was deposed on May 20, 2008. *See Deposition of Stanley Kiska, attached hereto as Exhibit C.*

5. At his deposition, Mr. Kiska produced a prototype warning label that he believes should have been affixed to the ladder in question. *Exhibit C, pg. 68, lines 7 – 10, deposition Exhibit A.* Mr. Kiska also testified that he has developed the "induced walking test" to compare the resistance of different ladders to racking. *Exhibit C, pg. 134, lines 8 – 12.*

6. As discussed in detail in the attached Suggestions in Support of Defendants' Motion to Exclude the Testimony of Stanley Kiska, Mr. Kiska's testimony regarding this warning label and the "induced walking test" do not meet the requirements of Federal Rule of Evidence 702 or *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786 (1993).

7. Therefore, Mr. Kiska should be barred from testifying because his testimony is unreliable.

8. Defendants attach and incorporate by reference their Suggestions in Support of their Motion to Strike the Testimony of Stanley Kiska.

WHEREFORE, Defendants, Werner Co., New Werner Holding Co., Inc. and W.W. Grainger, Inc., pray for an order striking the testimony of Stanley Kiska, and for all such other relief as this Court deems just and proper.

Respectfully submitted,

/s/Joseph R. Swift
Joseph R. Swift #37241
BROWN & JAMES, P.C.
1010 Market, 20th Floor
St. Louis, Missouri 63101
314-421-3400
314-421-3128 (fax)
jswift@bjpc.com
Attorneys for Defendants Werner Co., New Werner Holding Co., Inc. & W.W. Grainger, Inc.

/S/ Michael A. Childs
Michael A. Childs #29697
BROWN & JAMES, P.C.
1100 Main Street, Suite 1900
Kansas City, Missouri 64105
816-472-0800
816-421-1183 (fax)
mchilds@bjpc.com
Attorneys for Defendants Werner Co., New Werner Holding Co., Inc. & W.W. Grainger, Inc.

## CERTIFICATE OF MAILING

I hereby certify that on the 2nd day of September, 2008, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Mr. Stephen M. Gorny
Bartimus, Frickleton, Robertson & Gorny, P.C.
11150 Overbrook Rd., Ste. 200
Leawood, KS 66211
Telephone: 913-266-2300
Facsimile: 913-266-2366
A*ttorneys for Plaintiff*

/s/Joseph R. Swift

8293573