IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION OT KANSAS CITY

| | | |
|---|---|---|
| PEGGY RAY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:07-CV-00673-ODS |
| | ) | |
| | ) | Jackson County Circuit Court |
| | ) | Case No. 0716-CV20356 |
| WERNER LADDER INC., et al | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS WERNER CO.; NEW WERNER HOLDING CO., INC.; AND W.W. GRAINGER, INC.'S MOTION TO STRIKE THE TESTIMONY OF STANLEY KISKA**

Plaintiff, through counsel, hereby opposes defendants Werner Co.; New Werner Holding Co., Inc.; and W.W. Grainger, Inc.'s Motion to strike the testimony of Stanley Kiska. In support, Plaintiff states as follows:

## I. INTRODUCTION

### A. Primary Allegations

Plaintiff alleges that her husband, Harry Ray, fell to his death from a Werner Ladder. While Mr. Ray was working on an appropriate step of a ten foot ladder, the ladder twisted and "walked" along the floor. The industry calls this twisting "racking." This is not a novel occurrence in the ladder industry. In fact, defendant Werner instructs users not to deliberately or intentionally walk a ladder. However, Werner did nothing to warn consumers that ladders can unintentionally walk away from them, as the subject product did in this case.

### B. The Expert and Tests at Issue

To assist in evaluating the ladder at issue in this case, Plaintiff retained engineer Stanley Kiska. Mr. Kiska's career began and flourished while working for the defendant – Werner. In fact, when Mr. Kiska left the company, he was a senior product engineer with 16 years of experience. He participated in the design, testing, and analysis of Werner Ladders similar to that at issue in this case. Thus, it is no surprise that the Werner defendants now seeks to exclude portions of Mr. Kiska's testimony.

Defendants move to strike two areas of testimony from Mr. Kiska. First, defendants wants to strike a "prototype" warning which was discussed during Mr. Kiska's deposition. Plaintiff will stipulate that she will not attempt to admit the prototype warning at trial unless defendants open the door to such evidence. Second, defendants claim that evidence of Mr. Kiska's "induced walking test" should be stricken because it is not sufficiently reliable. To the contrary, Mr. Kiska's test methodology conforms with established engineering principles, is sufficiently reliable, and will assist the trier of fact.

## II. ARGUMENTS AND AUTHORITIES

### A. The Daubert Standard

Mr. Kiska's expert opinions are admissible because his test methods are scientifically valid, extremely straight forward, and commensurate with other tests utilized by the ladder industry. Under the Federal Rules of Evidence, the trial judge is given the responsibility to ensure that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand. *See* Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993). In *Daubert,* the court enumerated general factors a trial court should consider in determining whether the reasoning or methodology underlying the expert testimony

is scientifically valid. These factors include whether a theory or technique: (1) can be tested; (2) has been subjected to peer review and publication; (3) has a known or potential rate of error; and (4) enjoys general acceptance within the relevant scientific community. *Id.* at 593 – 595. The inquiry is a "flexible" one. *Id.* The focus should be solely on the principles and methodology, not on the conclusions that they generate. *Id.* As a general rule, "the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *Synergetics, Inc. v. Hurst¸* 477 F.3d 949, 955 (8th Cir. 2007).

Furthermore, "the trial court *may* consider one or more of the more specific factors that *Daubert* mentioned when doing so will help determine that testimony's reliability. But as the Court stated in *Daubert*, the test of reliability is "flexible," and *Daubert's* list of specific factors neither necessarily nor exclusively applies to all experts in every case." *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 119 S.Ct. 1167 (1999).

### B. The Testing at Issue

The defendants incorrectly state that Mr. Kiska's testimony regarding what he calls an "induced walking test" fails the *Daubert* analysis because the principles and methods have not been tested, subjected to peer review, or generally accepted within the engineering community. Such arguments lack support as demonstrated by defendants' decision not to inform the Court of the details of Mr. Kiska's testing methods.

As it is aware, this Court's "gate-keeper" function ensures that Mr. Kiska's opinions are based on sound scientific principles. Mr. Kiska's testing is clearly based on accepted methods for measuring ladder flexibility. In fact, to find otherwise would be to disavow nearly all testing performed by every ladder manufacturer. Werner, like other ladder companies, routinely

performs what is known as a "racking test." This evaluation measures the rigidity of a ladder. In other words, it tests how much a ladder twists or deflects from side-to-side when particular force is applied. *See* Deposition of Stanley Kiska, pg. 172, ln. 19 – pg. 175, ln. 21, attached hereto as Exhibit "A." The test parameters are set forth in the American National Standards Institute (hereinafter "ANSI").

Mr. Kiska, through what he calls an "induced walking test," performs nearly the same study as the racking test. Like the racking test, he hangs weight from a rung on the ladder. Mr. Kiska hangs the weight closer to the top of the ladder, rather than on the bottom step as in the racking test. This actually creates a more realistic scenario as it depicts forces a ladder undergoes during normal use. Then, as in the racking test, Mr. Kiska applies lateral force to the ladder. In the "racking test" and in the "induced walking test," the four-legged ladder twists horizontally. In the "racking test" the amount of sideways twist or deflection is measured.

During these tests, when the lateral force is applied, the ladder twists. Accordingly, one of its legs lifts further off the ground. Rather than merely measuring the amount of horizontal distance the ladder shifted (as in the racking test), Mr. Kiska also measures the vertical gap between the unsupported leg and the ground. *See* Expert Report of Stanley Kiska, pgs. 3 – 4 attached hereto as Exhibit "B." Essentially, the racking test measures the horizontal movement of a ladder leg, while the induced walking test measures the vertical movement of a ladder leg after similar force and weight is applied. Mr. Kiska basically goes one step further than the racking test, but does not stray from the basic process. It is not an overly complex or scientifically convoluted test.

Defendants cannot claim surprise or prejudice as a result of Mr. Kiska's testing. The results mirror those of racking tests. This is true because the more a ladder twists from side-to-

4

side, the higher its leg will lift off the ground.  Mr. Kiska's measurements do not arise from untested or unreliable science.  Again, they are basic measurements.  Mr. Kiska, through his nearly two decades in the ladder industry, explains that the vertical measurement is important because it is more indicative than the horizontal measurement of a ladder's tendency to walk after it is racked.

The straightforward methods used in the racking test have been the subject of peer review, publication, and have gained general acceptance in the engineering community.  Indeed, the racking test prescribed by ANSI is used by defendant Werner.  *See* Exhibit "C".  The additional induced walking test conducted by Mr. Kiska is founded firmly upon the same reliable scientific and common-sense measurement techniques employed for the racking test.  Therefore, the principles and methods used by Mr. Kiska in his "induced walking test" are reliable and his testimony should be admitted.

WHEREFORE, Plaintiff, through counsel, respectfully request this Court to deny Defendants Werner Co.; New Werner Holding Co., Inc.; and W.W. Grainger, Inc.'s Motion to strike the Testimony of Stanley Kiska.

**Respectfully submitted,**

**BY:   /s/ Stephen M. Gorny**
**STEPHEN M. GORNY          MO #45417**
**GRANT S. RAHMEYER         MO #58897**
**Bartimus, Frickleton, Robertson & Gorny, P.C.**
**11150 Overbrook Road, Suite 200**
**Leawood, KS  66211**
**(913) 266-2300 (tel)**
**(913) 266-2366 (fax)**

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

       I hereby certify that on September 16, 2008, the foregoing was filed electronically with the Clerk of the Court to be served electronically by operation of the Court's electronic filing system upon the following:

Michael Childs
Joseph Swift
Brown & James, P.C.
1100 Main Street, Suite 1900
Kansas City, MO  64105
ATTORNEYS FOR WERNER LADDER INC.,
NEW WERNER HOLDING CO.,
AND GRAINGER INTERNATIONAL


/s/ Stephen M. Gorny
Attorney for Plaintiff