IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION AT KANSAS CITY

| | |
|---|---|
| PEGGY RAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No.: 4:07-cv-00673-ODS |
| ) | |
| WERNER CO., NEW WERNER HOLDING ) | |
| CO., INC., W.W. GRAINGER, INC., and ) | |
| COLLIERS TURLEY MARTIN TUCKER ) | |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS WERNER CO., NEW WERNER HOLDING CO., INC. AND W.W. GRAINGER, INC.'S MOTION TO STRIKE THE TESTIMONY OF STANLEY KISKA**

COME NOW defendants, Werner Co., New Werner Holding Co., Inc. and W.W. Grainger, Inc., by and through undersigned counsel, and for their Reply to Plaintiff's Opposition to Defendants' Motion to Strike the Testimony of Stanley Kiska, state as follows:

### I. Introduction

On September 3, 2008, defendants filed a Motion to Strike portions of the testimony of Stanley Kiska, plaintiff's expert witness. As discussed in detail in that Motion, Mr. Kiska's testimony regarding warnings and the "induced walking test" does not meet the requirements of Federal Rule of Evidence 702 or *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786 (1993). On September 17, 2008, plaintiff filed an Opposition to Defendants' Motion to Strike the Testimony of Stanley Kiska. *See Plaintiff's Opposition to Defendants' Motion to Strike the Testimony of Stanley Kiska, attached hereto as Exhibit A.* Attached as Exhibit C to plaintiff's Opposition are three "Confidential" documents previously produced by defendants

pursuant to the Court's Protective Order of January 11, 2008. (Doc. #72). The documents were not filed under seal and are therefore, accessible as a public record.

Defendants hereby requests that the Court immediately block public access to plaintiff's Exhibit C, and to strike plaintiff's Opposition as a sanction pursuant to Rule 37(b) for failing to comply with the Court's Protective Order. Alternatively, in addition to blocking public access, defendants request that the Court strike all portions of the plaintiff's Opposition that reference or rely on Exhibit C.

## II. Kiska's Testimony Regarding Warnings Does Not Satisfy the *Daubert* Requirements

In her Opposition, plaintiff indicated that she would stipulate that she would not attempt to admit the prototype label into evidence at trial unless defendants opened the door on said evidence. *Exhibit A, pg. 2*. While defendants appreciate the sentiment, the case law cited in defendants' Motion to Strike clearly holds that the Eighth Circuit has rejected expert testimony concerning failure to warn and inadequate instructions when the expert has not drafted or designed instructions or tested the effectiveness of the proposed warnings.

The Eighth Circuit held in *Jaurequi v. Carter Mfg. Co., Inc.* that expert testimony regarding proposed warnings is inadmissible under *Daubert* where no expert had designed a warning which would have been more appropriate, tested its effectiveness, or pointed to other manufacturers who were employing the suggested warnings. *Jaurequi v. Carter Mfg. Co., Inc.*, 173 F.3d 1076 (8th Cir. 1999).

While Mr. Kiska's prototype label is included in this category, *any* testimony from Kiska about proposed warnings or instructions is also barred under *Daubert*. Plaintiff has not supplemented his expert report to contain any other warnings to date. Kiska's report only states that "they failed to exercise even the most minimal effort in warning users that the ladder might

become unstable suddenly and without warning." *See Report of Stanley Kiska, attached hereto as Exhibit B, pg. 4-5.* As such, any testimony regarding warnings or labels from Mr. Kiska should be barred.

### III. Kiska's Testimony Regarding the "Induced Walking Test" Does Not Satisfy the *Daubert* Requirements

Plaintiff argues that Mr. Kiska's testing methodology conforms to established engineering principles, is sufficiently reliable, and will assist the trier of fact. Plaintiff states that Mr. Kiska's induced walking test "performs nearly the same study as the racking test", which plaintiff alleges is accepted within the ladder industry. *Exhibit A, pg. 4.*

Plaintiff then proceeds to explain the differences between the two tests. She admits that Mr. Kiska hangs the weights in different locations when performing his "induced walking test" versus the racking test. *Exhibit A, pg. 4.* Additionally, the racking test measures the horizontal movement of a ladder leg, while the "induced walking test" measures the vertical movement of the leg. *Exhibit A, pg. 4.* Plaintiff states that "Kiska basically goes one step further than the racking test, but does not stray from the process." *Exhibit A, pg. 4.* Plaintiff ignores that the two tests are looking at different measurements and use different methods of testing the ladders.

Mr. Kiska believes that vertical measurement is important because it is more indicative than horizontal measurement of a ladder's tendency to walk. Kiska admitted that his theory has not been peer-reviewed by any other engineers. *See Deposition of Stanley Kiska, attached hereto as Exhibit C, pg. 134, line 24 – pg. 135, line 5.* No other engineer has attempted to use Mr. Kiska's testing methodology to determine if it is really as effective as he claims. Mr. Kiska admitted that the test has not been endorsed by any industry or government standard. *Exhibit C, pg. 134, line 19 – pg. 135, line 5.* He agreed that his theory was not widely dispersed and is not generally accepted in the engineering field. *Exhibit C, pg. 137, lines 15 -22.*

Plaintiff goes on to state that the "straightforward methods" used in the racking test have been subject to peer review and have gained acceptance within the community. *Exhibit A, pg. 5*. Plaintiff conceded in her Opposition, however, that the racking test and the "induced walking test" do not employ the same testing methodology. As such, Kiska should be barred from testifying about the "induced walking test", a testing methodology that he admits has not been peer-reviewed or accepted within the engineering community.

WHEREFORE, Defendants, Werner Co., New Werner Holding Co., Inc. and W.W. Grainger, Inc., pray for an order striking the testimony of Stanley Kiska, and for all such other relief as this Court deems just and proper. Additionally, Defendants request that the Court immediately block public access to plaintiff's Exhibit C, and to strike plaintiff's Opposition as a sanction pursuant to Rule 37(b) for failing to comply with the Court's Protective Order or strike all portions of the plaintiff's Opposition that reference or rely on Exhibit C.

Respectfully submitted,

/s/ Joseph R. Swift
Joseph R. Swift #37241
BROWN & JAMES, P.C.
1010 Market, 20th Floor
St. Louis, Missouri 63101
314-421-3400
314-421-3128 (fax)
jswift@bjpc.com

Michael A. Childs #29697
BROWN & JAMES, P.C.
1100 Main Street, Suite 1900
Kansas City, Missouri 64105
816-472-0800
816-421-1183 (fax)
mchilds@bjpc.com

***Attorneys for Defendants Werner Co.,
New Werner Holding Co., Inc. & W.W.
Grainger, Inc.***

## CERTIFICATE OF MAILING

I hereby certify that on the ___29th___ day of September, 2008, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Mr. Stephen M. Gorny
Bartimus, Frickleton, Robertson & Gorny, P.C.
11150 Overbrook Rd., Ste. 200
Leawood, KS 66211
A*ttorneys for Plaintiff*

             /s/Joseph R. Swift

8330377