IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION AT KANSAS CITY

| | |
|---|---|
| PEGGY RAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No.: 4:07-cv-00673-ODS |
| ) | |
| WERNER CO., NEW WERNER HOLDING ) | |
| CO., INC., and W.W. GRAINGER, INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION IN LIMINE
TO EXCLUDE THE VIDEOTAPE OF STANLEY KISKA**

COME NOW defendants, by and through counsel, and for their Motion in Limine to exclude the videotape of Stanley Kiska state as follows:

**I.      INTRODUCTION**

Plaintiff may attempt to introduce into evidence a videotape generated by Stanley Kiska. Such video should be excluded because the video was produced after the close of discovery, after Mr. Kiska was deposed and Mr. Kiska's report was never supplemented with the video. Counsel for defendants did not receive a copy of Mr. Kiska's video until November 5, 2008. Further, the video attempts to show Mr. Kiska's "induced walking test" which the Court has already deemed inadmissible in the case.

## II. ARGUMENT

The video fails to support plaintiff's allegation that "very subtle shifting… can cause significant racking and walking to occur." The video shows Mr. Kiska deliberately rocking, moving and walking the ladder, bouncing on the ladder, not facing the ladder and overreaching – all of which plaintiff claims Mr. Ray was <u>not</u> doing. As such, the conditions in Kiska's video are not substantially similar to the events at issue, as alleged by plaintiff. *See McKnight By and Through Ludwig v. Johnson Controls, Inc.*, 36 F.3d 1369, 1401 (8th Cir. (Mo.) 1994). (Experimental evidence may be properly admitted if the tests were conducted under conditions *substantially similar* to the actual conditions.)

Additionally, the video should be disregarded because the Court recently granted defendants' motion to strike Mr. Kiska's testimony as it relates to his "induced walking test" because, by Mr. Kiska's own admission, the test has not been peer-reviewed, utilized by other experts, or accepted in the field. (*See* Doc. #153) Thus, the induced walking test conveyed in the video is unreliable. A video of an experiment must demonstrate general scientific principles and meet the requirements of *Daubert* to be admitted. Because Mr. Kiska's testing fails to meet the requirements of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993), the video should be excluded.

WHEREFORE, defendants respectfully request this Court's Order in limine prohibiting plaintiff from offering into evidence or showing any parts of the Kiska video.

Respectfully submitted,

/s/ Joseph R. Swift
Joseph R. Swift #37241
BROWN & JAMES, P.C.
1010 Market, 20th Floor
St. Louis, Missouri 63101
314-421-3400
314-421-3128 (fax)
jswift@bjpc.com

Michael A. Childs #29697
BROWN & JAMES, P.C.
1100 Main Street, Suite 1900
Kansas City, Missouri 64105
816-472-0800
816-421-1183 (fax)
mchilds@bjpc.com

***Attorneys for Defendants Werner Co., New Werner Holding Co., Inc. & W.W. Grainger, Inc.***

## CERTIFICATE OF MAILING

I hereby certify that on the 3rd day of December, 2008, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Mr. Stephen M. Gorny
Bartimus, Frickleton, Robertson & Gorny, P.C.
11150 Overbrook Rd., Ste. 200
Leawood, KS 66211
*Attorneys for Plaintiff*

/s/Joseph R. Swift

8362143