## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION OF KANSAS CITY

PEGGY RAY                                           )
                                                    )
            Plaintiff,                              )
                                                    )
v.                                                  )          Cause No. 4:07-CV-00673-ODS
                                                    )
                                                    )          Jackson County Circuit Court
                                                    )          Case No. 0716-CV20356
WERNER LADDER INC., et al.                          )
                                                    )
            Defendants.                             )

### PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE THE VIDEOTAPE OF STANLEY KISKA

Plaintiff, through counsel, for her objections to defendants' Motion in Limine to exclude the Videotape of Stanley Kiska, states as follows:

1.      Defendants seek to exclude a videotape generated by Plaintiff's expert, Stanley Kiska.

2.      Plaintiff's expert opined that this incident was caused by a Werner Ladder unintentionally walking away from the ladder's user, Harry Ray. Plaintiff's expert opines that racking and walking of the ladder occur during proper use of the ladder.

3.      Plaintiff's videotape illustrates this principle on an identical make and model Werner Ladder.

4.      Defendants object to this video on the grounds that Mr. Kiska is "misusing" the ladder by "not facing the ladder and overreaching." Defendants claim that because Mr. Kiska is not facing the ladder and overreaching, the video is not substantially similar to the incident. Plaintiff disagrees that Mr. Kiska was misusing the ladder.

5.	Regardless, defendants' theory in this case is that Harry Ray "misused" the ladder by overreaching and by not facing the ladder.  Apparently, by stating that Mr. Kiska's video is not substantially similar to the incident, defendants have tacitly admitted that Harry Ray was not doing the very things that they allege – not facing the ladder and overreaching.

6.	Despite defendants' assertions that Harry Ray and Mr. Kiska "misused" the ladder, defendants' produced photographs of their expert, Dale King, using the ladder in the same manner.  Defendant Werner's website is replete with pictures of individuals using the as demonstrated in the video.   Defendants' pictogram "warning" on the ladder shows a person using the ladder in the same manner as shown in the video and in the same manner as sued by Mr. Ray.

7.	As Plaintiff alleges, and has tried to explain to the Court, fiberglass ladders with steel spreaders can unintentionally twist or rack during normal use.  When this occurs, a rear leg of the ladder lifts off the ground.  When the user shifts his weight, the ladder may then unexpectedly walk forward.  Defendant seems to assert that a ladder cannot unintentionally walk during normal use, despite a host of claims against the company alleging the same and articles in publications such as consumer reports confirming the same.  Mr. Kiska's video demonstrates how slight movements may cause a ladder to rack and walk.

8.	Accordingly, the portions of the video generated by Mr. Kiska demonstrating the latent defects in the ladder, conducted under substantially similar circumstances to the subject incident, should be admitted at trial.

9.	This Court already ruled on the admissibility of the "induced walking test." Plaintiffs agree that said portion of the video will not be admitted.

WHEREFORE, plaintiff respectfully requests this Court deny defendants' Motion in

Limine to Exclude the Videotape of Stanley Kiska.


**Respectfully submitted,**

**BY:**   **/s/ Stephen M. Gorny**
        **STEPHEN M. GORNY          MO #45417**
        **GRANT S. RAHMEYER          MO #58897**
        **Bartimus, Frickleton, Robertson & Gorny, P.C.**
        **11150 Overbrook Road, Suite 200**
        **Leawood, KS  66211**
        **(913) 266-2300 (tel)**
        **(913) 266-2366 (fax)**

**ATTORNEYS FOR PLAINTIFF**


## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2008, the foregoing was filed electronically with the Clerk of the Court to be served electronically by operation of the Court's electronic filing system upon the following:

Michael Childs
Joseph Swift
Brown & James, P.C.
1100 Main Street, Suite 1900
Kansas City, MO  64105
ATTORNEYS FOR WERNER LADDER INC.,
NEW WERNER HOLDING CO.,
AND GRAINGER INTERNATIONAL


/s/ Stephen M. Gorny
Attorney for Plaintiff