IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| PEGGY RAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 07-0673-CV-W-ODS |
| ) | |
| WERNER LADDER, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING IN PART AND DENYING IN PART PARTIES' MOTIONS IN LIMINE

Pending are motions in limine filed by Plaintiff Peggy Ray and Defendant Werner Ladder, Inc.. The parties are reminded these rulings are interlocutory in nature: contemporaneous objections are required if evidence permitted by this order is introduced at trial, and evidence barred by this order must be discussed outside the jury's hearing before it is offered or mentioned.

1.      Plaintiff's first Motion in Limine (Doc. # 158) is granted.  Evidence regarding life insurance proceeds, worker's compensation benefits, or estate distributions will be permitted at trial.

2.      Plaintiff's second motion (Doc. # 159) is granted in part and denied in part.  This motion addresses the "Dale King Video," which the Court has reviewed.  Plaintiff particularly objects to those portions (1) when five men got on the ladder, (2) when King attempted to demonstrate Mr. Ray must have had difficulty reaching a spot on the wall where he needed to work, (3) the experiments involving the dropping of weight on the ladder, and (4) the use of the miniature ladder to explain how a ladder would act in certain circumstances.  Defendant contends that many of these depictions are not intended as re-enactments, which raises the following question: what relevance do they have?  Defendant suggests they help explain "ladder dynamics," but (1) the Court is not convinced these "depictions" are helpful to the jury's understanding, (2) it is not clear what they explain about "ladder dynamics," and (3) it is not clear how anything that is explained relates to the facts of this case.  However, the Court cannot reach a definitive

ruling without knowing more about the evidence – all that can be said at present is that the Court harbors strong reservations about these portions of the videotape. They should not be shown or mentioned to the jury until Defendant establishes a reason for admitting them into evidence.

This does not mean the entire video is inadmissible. The portions of the video describing the parts of the ladder, explaining a ladder's center of mass and the effect of a human's use of the ladder on the center of mass, and the attempt to cause the ladder to rack and walk are admissible. Of course, these are matters that can probably be shown to the jury during live testimony, but that is a matter for Defendant to consider.

3. Defendant's motion to bar evidence of accidents with other ladders (Doc. # 160) is granted based on Plaintiff's statements during the pretrial conference. The Court understands this issue may be revisited depending on the facts developed during the trial, but until then the evidence should not be mentioned in the jury's presence.

4. Defendant's motion to bar Plaintiff from using her expert's video (Doc. # 161) is granted. Defendant alleges this video was produced on November 5, 2008 – after discovery closed, and after the expert was deposed. Defendant also alleges the expert's report "was never supplemented with the video." Plaintiff's response does not address these allegations, so the Court accepts them as true and for this reason excludes the video.

Defendant's remaining arguments are largely rejected. Plaintiff concedes the "induced walking test" will not be shown based on the Court's prior rulings. As for the rest, the relevance and usefulness of the video would depend on the facts developed during the trial.[1]

IT IS SO ORDERED.

DATE: December 18, 2008

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

---

[1] The Court was provided with a copy of what appears to be the video in question, but it could not be played so the Court cannot review it.