# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| PEGGY RAY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>WERNER CO., NEW WERNER HOLDING )<br>CO., INC., and W.W. GRAINGER, INC., )<br>)<br>Defendants. ) | Cause No.: 4:07-CV-00673-ODS |

## ORDER APPROVING WRONGFUL DEATH SETTLEMENT

A hearing was held on January 27, 2009, at which time Plaintiff Peggy Ray ("Plaintiff") and Defendants Werner Co., New Werner Holding Co., Inc. and W.W. Grainger, Inc.'s ("Defendants") sought court approval of a Wrongful Death Settlement in the above-entitled action, with all parties appearing in person and/or through counsel. The parties announced that an agreement has been reached between Plaintiff and Defendants concerning all claims for the alleged wrongful death of Harry Ray and for any injury that preceded his death. THIS Court finds that:

1. Missouri law governs this settlement, pursuant to the agreement and stipulation between Plaintiff and Defendants.

2. Harry Ray died on or about July 7, 2006 at Truman Medical Center in Kansas City, Missouri.

3. Harry Ray is hereby survived by his spouse, Peggy Ray, his father and mother Harvey E. and Ava Ray, his natural son, Josh Ray and his natural daughter, Courtney Hull.

4. The natural parents of the decedent, Harvey E. and Ava Ray have received notice of the pending cause of action and have executed Affidavits acknowledging that they understand their rights to the settlement proceeds and that they agree not to participate in this settlement and thereby waive any future claims arising out of the wrongful death of Harry Ray. The natural adult children

of Harry Ray, Josh Ray and Courtney Hull have executed affidavits acknowledging their acceptance of $20,000.00 each from the settlement proceeds.

5. Plaintiff is the spouse of Harry Ray, deceased, and is therefore entitled to bring this action and entitled to sue and recover damages for the wrongful death of Harry Ray, and that the distribution of the settlement proceeds referenced herein shall be payable only to Peggy Ray and her attorneys, in full and final settlement of any and all claims arising out of the wrongful death of Harry Ray referenced herein and that the mother and father and children of Harry Ray are forever barred from making any claim or seeking any compensation from these Defendants arising out of the death of Harry Ray.

6. Upon considering the Petition for Approval of Wrongful Death Settlement, this Court determines that the settlement is just, reasonable, and proper. The Court does:

    (a) Approve the settlement of Plaintiffs' cause of action and claims for the alleged injuries and wrongful death of Harry Ray, deceased, for the total consideration made on behalf of Defendants to Plaintiff in the amount of Two Hundred and Fifty Thousand Dollars and No Cents ($250,000.00);

    (b) Forever discharge Defendants from any and all liability for the injuries and alleged wrongful death of Harry Ray;

    (c) Further, this Court finds that, based upon the respective interests of the persons entitled to sue for the recovery in this action, the distribution of the settlement is hereby approved as follows:

        (1) Payment to Peggy Ray and her attorneys, Bartimus, Frickleton, Robertson & Gorny, P.C. in the amount of Two Hundred and Fifty Thousand Dollars and No Cents ($250,000.00);

        (2) Plaintiff's attorneys Bartimus, Frickleton, Robertson & Gorny, P.C. to be paid a contractual fee of 30% of the settlement amount, or Sixty Three Thousand Eight Hundred Twenty One Dollars and Sixty One Cents ($63,821.61), which fee, in light of the circumstances of the case, is reasonable. Plaintiff's attorneys to be paid Thirty Seven Thousand Two Hundred Sixty One Dollars

and Thirty One Cents ($37,261.31) for reasonable costs and expenses incurred in the handling of Plaintiff's case.

7. The Court hereby orders Plaintiff to:

   (a) Collect and receipt for the payment thereof;

   (b) Acknowledge satisfaction in full for the recovery of this settlement and costs;

   (c) Execute and deliver to Defendants a full and complete release in proper form;

   (d) Pay attorney's fees and costs to Bartimus, Frickleton, Robertson & Gorny, P.C. in the amount of One Hundred One Thousand Eighty Two Dollars and Ninety Two Cents ($101,082.92);

   (e) Pay to Peggy Ray the net proceeds remaining, after first deducting the attorney's fees and costs, as ordered by the Court; and

   (f) For Peggy Ray to distribute Twenty Thousand Dollars and No Cents ($20,000) to Josh Ray and Twenty Thousand Dollars and No Cents ($20,000) to Courtney Hull from the settlement proceeds;

   (g) To report and account therefore to the Court.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
DATE: February 6, 2009          UNITED STATES DISTRICT COURT